[Cite as *Lucas Cty. Job & Family Servs. v. Joshaway*, 2016-Ohio-5071.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

| | |
|---|---|
| Lucas County Job and Family Services | Court of Appeals No. L-15-1277 |
| Appellant | Trial Court No. CVF-11-05576 |
| v. | |
| Tracy Joshaway | **DECISION AND JUDGMENT** |
| Appellee | Decided: July 22, 2016 |

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
and Peter N. Kanios, Assistant Prosecuting Attorney, for appellee.

* * * * *

**OSOWIK, J.**

{¶ 1} This is an accelerated appeal brought by appellant, Lucas County Job and Family Services, from a judgment of the Toledo Municipal Court that was entered and journalized on September 25, 2015. On that date, the court modified a wage garnishment "not to exceed $100 per pay period."

{¶ 2} A brief history of this case is instructive. The record establishes that this case commenced on April 8, 2011, with the filing of a complaint against appellee. Appellant sought repayment in the amount of $5,873.68. Residential service having been made by certified mail and appellee failing to answer or otherwise respond to the complaint, a motion for default judgment was filed on May 20, 2011. It appears that there was no responsive pleading filed with respect to this motion and on June 8, 2011, a default judgment was entered against appellee in the amount of $5,873.68 plus costs.

{¶ 3} Appellant began collection measures almost immediately. On August 22, 2011, a garnishee identified as Alpha Staff, 800 Corporate Drive, Suite 600, Ft. Lauderdale, FL 33334 filed its answer to the garnishment order by indicating that the judgment debtor had disposable earnings of $1,379.92 from a bi-weekly pay period. Using the worksheet, the garnishee calculated and reported that 25 percent of those earnings would total $344.91. After including the garnishee fee of $2, a total amount of $344.98 was withheld from the personal earnings of appellee.

{¶ 4} The record also indicates that Alpha Staff also filed another garnishee answer on August 22, 2011, in which it indicated that the disposable earnings were $608.65 and a total amount was withheld of $152.16. On September 14, 2011, the disposable earnings at Alpha Staff were $657.94 and a total of $164.49 was withheld. Garnishment deductions continued throughout September and October of 2011. However, the garnishee answer filed on November 18, 2011, indicated that appellee was earning less than 60 times the federal minimum hourly wage with a bi-weekly pay period

2.

and therefore, nothing was withheld from the personal earnings of appellee for that attempted wage garnishment.

**{¶ 5}** Collection activity on this case languished for nearly four years.

**{¶ 6}** The next activity to collect personal earnings of appellee appears when appellant filed an affidavit pursuant to R.C. 2716.02 on September 15, 2014. As a result of that affidavit, the court entered an order and notice to Swan Pointe Facility Operations, LLC, D/B/A Swan Pointe Care Center, 3600 Butz Road, Maumee, Ohio 43537 to complete the answer of employer on the form and to return the form to the clerk of court within five days.

**{¶ 7}** There is nothing in the record of the court that indicates that Swan Pointe Care Center ever responded to this court order in any fashion.

**{¶ 8}** For nearly ten months, there is no further activity in this case until July 13, 2015, when appellee filed a request for a hearing to dispute the judgment creditor's right to garnish her personal earnings for the following reason: "My job gave me notice on 6-25-15 and also my wages are being garnished right now by someone else need to get this lowered ASAP."

**{¶ 9}** A hearing on this request was held on July 29, 2015. At that hearing, appellee appeared and stated that she was being paid biweekly and that her wages were being "garnished through Northcoast." She further stated, "Through Northcoast, I paid $50 every two weeks. And Job and Family is taking like 150."

{¶ 10} At no point during the hearing is appellee even asked about her earnings, where she was employed or whether the employer was withholding wages as a result of a garnishment in this case rather than in a different case.

{¶ 11} The record is also completely devoid of any wage information concerning appellee's employment with Swan Pointe Care Center.

{¶ 12} Nevertheless, while a person identified only as the "REALTIME CLERK" appears to dominate the brief inquiry of appellee, the magistrate summarily concludes that "We'll modify this not to exceed one hundred per pay period."

{¶ 13} The judgment creditor, appellant herein, filed objections to the magistrate's report. The court approved the magistrate's report and overruled the objections without further comment on September 23, 2015. Appellant appeals from that order.

{¶ 14} Appellant presents two assignments of error for this court to consider. In its first assignment, it argues that the court had no jurisdiction to modify a garnishment order pursuant to R.C. 2716.09(A). Its second assignment of error argues that a garnishment hearing held pursuant to R.C. 2716.06(C) is limited to consideration of the amount of personal earnings that can be used to satisfy a debt owed to a judgment creditor.

{¶ 15} Appellee has not filed any responsive brief.

{¶ 16} Since these two assignments are related, we shall consider them together.

{¶ 17} We will note at the outset that the maximum allowable garnishment of personal earnings is governed by federal statute. 15 U.S.C. 1673 states as follows:

4.

§ 1673.  Restriction on garnishment

(a) Maximum allowable garnishment.  Except as provided in subsection (b) and in section 305 [15 USCS § 1675], the maximum part of the aggregate disposable earnings of an individual for any workweek which is subject to garnishment may not exceed

(1) 25 per centum of his disposable earnings for that week, or

(2) the amount by which his disposable earnings for that week exceed thirty times the Federal minimum hourly wage prescribed by section 6(a)(1) of the Fair Labor Standards Act of 1938 [29 USCS § 206(a)(1)] in effect at the time the earnings are payable, whichever is less.  In the case of earnings for any pay period other than a week, the Secretary of Labor shall by regulation prescribe a multiple of the Federal minimum hourly wage equivalent in effect to that set forth in paragraph (2).

(b)  Exceptions.

(1) The restrictions of subsection (a) do not apply in the case of

(A) any order for the support of any person issued by a court of competent jurisdiction or in accordance with an administrative procedure, which is established by State law, which affords substantial due process, and which is subject to judicial review.

5.

(B) any order of any court of the United States having jurisdiction over cases under chapter 13 of title 11 of the United States Code [11 USCS §§ 1301 et seq.]

(C) any debt due for any State or Federal tax.

(2) The maximum part of the aggregate disposable earnings of an individual for any workweek which is subject to garnishment to enforce any order for the support of any person shall not exceed—

(A) where such individual is supporting his spouse or dependent child (other than a spouse or child with respect to whose support such order is used), 50 per centum of such individual's disposable earnings for that week; and

(B) where such individual is not supporting such a spouse or dependent child described in clause (A), 60 per centum of such individual's disposable earnings for that week; except that, with respect to the disposable earnings of any individual for any workweek, the 50 per centum specified in clause (A) shall be deemed to be 55 per centum and the 60 per centum specified in clause (B) shall be deemed to be 65 per centum, if and to the extent that such earnings are subject to garnishment to enforce a support order with respect to a period which is prior to the twelve-week period which ends with the beginning of such workweek.

(c) Execution or enforcement of garnishment order or process prohibited. No court of the United States or any State, and no State (or officer or agency thereof), may make, execute, or enforce any order or process in violation of this section.

{¶ 18} There is no indication in the record that the trial court had any facts before it to have engaged in the analysis required under the federal garnishment statute.

{¶ 19} Further, the July 29, 2015 hearing was held pursuant to R.C. 2716.06(C). That section states, in relevant part: "The hearing shall be limited to a consideration of the amount of the personal earnings of the judgment debtor, if any, that can be used in satisfaction of the debt owed by the judgment debtor to the judgment creditor."

{¶ 20} In the case before the court, there is a complete absence of anything in the record concerning the personal earnings of appellee. The court therefore did not have jurisdiction to make any determination of the maximum amount that could be used to satisfy the debt.

{¶ 21} We find both assignments of error to be well-taken.

{¶ 22} The judgment of the Toledo Municipal Court is reversed and this matter is remanded for proceedings consistent with this decision. Appellee is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment reversed.

7.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.      _____
                 JUDGE

Thomas J. Osowik, J.

             _____
Stephen A. Yarbrough, J.       JUDGE
CONCUR.

             _____
                 JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.sconet.state.oh.us/rod/newpdf/?source=6.